798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joan TODD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1364.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1986.
 
 Before: KEWPANSKY and BOGGS, Circuit Judges; and PORTER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Joan Todd appeals from the district court decision affirming the Secretary of Health and Human Services' final decision to deny her application for Social Security benefits. The Administrative Law Judge ("ALJ") found that the Claimant's impairments in combination do not reach a level of severity (not severe) to prevent the Claimant from engaging in substantial gainful activity...." When the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the final decision of the Secretary.
 
 
 2
 The sole issue before this Court is whether the Secretary's decision to deny Plaintiff's application is supported by substantial evidence in the record as a whole. We may not overturn decisions of the Secretary, as embodied in ALJ findings, unless the record as a whole lacks substantial evidence to support such decisions. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981), Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 3
 We held, in Salmi v. Secretary, 774 F.25 685, 692 ( 6th Cir. 1985), that "an impairment qualifies as non-severe only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work." Plaintiff argues here that ALJ erred by "failing to look" ' at all the relevant evidence, particularly evidence that showed that her impairments were severe.
 
 
 4
 We have reviewed the medical evidence and the record below, and have considered the arguments of the Plaintiff and the Secretary. As noted by the district court, the record before the ALJ included the reports of Drs. Pomodoro (a treating psychiatrist), Roberts. and Pegeron. None of these reports indicates any impairment that would affect Plaintiff's ability to work, regardless of her "age, education, or work experience." Salmi, 774 F.2d at 692. Thus, although there is some evidence to support Plaintiff's position, it is clear that the record, when viewed as a whole, contains substantial evidence to support the Secretary's decision. The judgment below is therefore,
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation